# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Dawn Z., | Case No. 2:20-cv-01720-DJA |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |
| Martin O'Malley[1], Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's attorney ("Counsel") moves for an award of attorneys' fees following his successful motion for remand. (ECF No. 32). No party opposed the motion, although the Defendant filed an informative response without taking a position on fees. (ECF No. 34). Counsel did not reply. For the reasons discussed below, the Court grants the motion.

Plaintiff entered into a contingency fee agreement with Counsel for 25% of any past-due benefits awarded upon a reversal of an unfavorable decision by an administrative law judge. (ECF No. 32-1). The Court granted the Plaintiff's motion to remand and remanded for further proceedings. (ECF No. 28). Upon remand, the Social Security Administration awarded Plaintiff $86,293.00 in past-due benefits. (ECF No. 32 at 6).

Under 42 U.S.C. § 406(b)(1)(A), when a claimant who is represented by counsel obtains a favorable court judgment, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." This fee is payable out of the past-due benefits awarded to the claimant and not as an additional recovery from the defendant. *Id.*

---

[1] Martin O'Malley is now the Commissioner of Social Security and substituted as a party.

Although other fee-shifting schemes resort to use of the "lodestar" method to calculate a reasonable attorney's fee, § 406(b) is not a fee-shifting statute. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). The statute requires the attorney's fee be taken from the past-due benefits awarded to the claimant and not as an additional recovery from the defendant. *Id.* Thus, § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The only statutorily-imposed constraint is that the fee agreement cannot "provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing § 406(b)(1)(A)).

Consequently, in Social Security cases, the court begins with the contingency fee agreement and then "tests it for reasonableness." *Id.* at 808. "[T]he question is whether the amount need[s to] be reduced, not whether the loadstar amount should be enhanced." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). The court may reduce the fee award "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Thus, the court "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. The court may "consider the lodestar calculation, but only as an aid in assessing the reasonableness of the fee." *Id.* (emphasis omitted). The attorney seeking the fee award bears the burden of establishing the fee sought is reasonable. *Id.* at 1148. The award of fees under § 406(b) lies within the court's discretion. *Id.* at 1147.

Counsel requests less than 25% of Plaintiff's past due benefits. He presents evidence that he spent 22.15. hours on the case. (ECF No. 32-4). There is no evidence of substandard performance. Rather, Counsel obtained a favorable result in the form of a remand and subsequent award of substantial past benefits. There is no evidence Counsel caused any delay to increase the contingent amount. Additionally, the fees are not excessively large in relation to Counsel's experience in this area of law and the past-due benefits obtained for the claimant. The goal of fee

awards under §406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), abrogated on other grounds in *Gisbrecht*, 535 U.S. at 807. Counsel, therefore, has met his burden of establishing a reasonable fee award in the amount of $15,000.

The Court previously granted the parties' stipulation to award Plaintiff $4,350.00 in attorneys' fees under the Equal Access to Justice Act (EAJA). (ECF No. 31). Counsel agrees he will credit this amount against any fee awarded under 42 U.S.C. § 406(b). (ECF No. 32 at 6); *see also Gisbrecht*, 535 U.S. at 796 (stating that a claimant may obtain fee awards under both § 406(b) and the EAJA but the attorney must refund the smaller fee amount to the claimant).

**IT IS THEREFORE ORDERED** that the motion for attorneys' fees (ECF No. 32) is **GRANTED**. Plaintiff's attorney, the Law Offices of Lawrence D. Rohlfing is awarded attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $15,000.00.

**IT IS FURTHER ORDERED** that, upon receipt of the $15,000.00, the Law Offices of Lawrence D. Rohlfing shall reimburse Plaintiff the amount of $4,350.00 received as EAJA fees.

DATED: March 26, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE